IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Motorists Commercial Mutual Insurance Company, an indirect subsidiary of Encova Mutual Insurance Group, Inc., | ) ) ) ) | C/A NO.:   2:25-cv-07660-DCN |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) ) | **(Declaratory Judgment)** **(Non-Jury Trial Demanded)** |
| Kimberly Mitchell, individually and as legal guardian/next of kin of AM, a minor, Jaylin Mitchell, EDD, LLC, Lemuel Xavier Rodriguez, and Progressive Direct Insurance Company. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Motorists Commercial Mutual Insurance Company, an indirect subsidiary of Encova Mutual Insurance Group, Inc. ("Motorists"), by and through its undersigned counsel, hereby seeks declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine the rights of the parties.  Motorists, complaining of Defendants above-captioned, respectfully alleges and shows as follows:

**PRELIMINARY STATEMENT**

1.     Pursuant to 28 U.S.C. § 2201 and Rule 57, FRCP, Motorists seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under certain policies of insurance with respect to claims of damages which have arisen as a result of a motor vehicle collision, which is the subject of a matter pending in the Court of Common Pleas, County of Charleston, State of South Carolina, Ninth Judicial Circuit, titled *Kimberly Mitchell, Individually and as Legal Guardian/Next of Kin of JMM, a Minor and AM, a Minor*, bearing Civil

Action Number 2022-CP-10-01998 (the "Underlying Lawsuit").  A copy of the complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit A.**

## JURISDICTION AND VENUE

2. Jurisdiction is proper in the United States District Court based on 28 U.S.C. §1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. §1391(a)(1) and (2) and Local Civil Rule 3.01, as a substantial part of the events, acts, and omissions giving rise to this claim occurred in this Division.

## PARTIES

4. Motorists is an insurance company organized and existing under the laws of the State of Ohio, which is licensed to sell policies of insurance in the State of South Carolina, and maintains its principal place of business in Ohio.

5. Defendant Kimberly Mitchell, individually and as legal guardian/next of kin of AM, a minor, ("AM") is an individual and citizen of Charleston County in the State of South Carolina.

6. Defendant Jaylin Mitchell, was a minor at the time of the Underlying Action, but has sense reached the age of majority. Upon information and belief, Maylin Mitchell is an individual and citizen of Charleston County in the State of South Carolina. The minor defined directly above as AM and Jaylin Mitchell shall collectively be referred to herein as the ("Mitchells").

7. Defendant EDD, LLC ("EDD") was a limited liability company, which upon information and belief, has merged with or was otherwise purchased by Ruppert Landscape, LLC. Upon information and belief, Ruppert Landscape, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Laytonsville, Maryland. EDD is a necessary nominal party as its interests are possibly affected by the outcome of this lawsuit.

8. Defendant Lemuel Xavier Rodriguez ("Rodriguez") is an individual and citizen of Charleston County in the State of South Carolina.

9. Progressive Direct Insurance Company ("Progressive") is the uninsured motorist insurance carrier for the Mitchells and upon information and belief is organized and existing under the laws of the State of South Carolina, licenses to sell policies of insurance in the State of South Carolina, and maintains its principal place of business in South Carolina.

**FACTS**

10. The Underlying Lawsuit arises out of a vehicle accident between the Mitchells and Rodriquez that transpired on or about April 16, 2022, while the Mitchells and Rodriguez were driving on US Highway 78 in Charleston County, South Carolina.

11. The Underlying Lawsuit alleges that at the time of the accident, roughly 4:00 AM, Rodriguez was under the influence of alcohol and driving a vehicle owned by his then-employer, EDD.

12. Rodriguez was charged with driving under the influence as a result of the accident and ultimately pleaded guilty to reckless driving.

13. The Mitchells have asserted the following causes of action against Rodriguez in the Underlying Lawsuit: Negligence, Gross Negligence, and Negligence Per Se.

14. EDD allowed designated employees, including Rodriguez, to drive company vehicles in accordance with company policies.

15. EDD's "Vehicle Rules" governing their employees' use of company vehicles is attached herein and incorporated by reference as **Exhibit B**.

16. The Vehicle Rules provide the following instructions regarding employees' use of company vehicles:

    a. Only authorized, designated [EDD] van drivers are allowed to drive the company vans.

    b. Transportation of non-employees is prohibited.

    c. Vans are not to be driven after 8:00 PM on weeknights and 5:00 PM on weekends.

    d. Vans should only be used for purchasing groceries or doing laundry.

17. Mitchells have asserted the following causes of action against EDD in the Underlying Action: (1) Corporate Negligence and Negligence Entrustment, and (2) Vicarious Liability.

18. The Underlying Lawsuit, among others, seeks a judgment against Rodriguez and EDD for the Mitchells' actual and punitive damages relating to the accident.

## POLICIES

19. Encova issued EDD a Commercial Auto Policy, effective at the time of the accident. A true and accurate copy of the "Policy" is attached hereto as **Exhibit C**.

## FOR A FIRST DECLARATION
### (Whether Rodriguez is an Insured)

20. Each and every allegation set forth in Paragraphs 1-18 hereinabove is incorporated as if fully set forth herein verbatim.

21. The named insured under the Policy is defined as "EDD, LLC".

22. The Policy extends the following coverage to EDD arising from a vehicle accident:

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto".

23. The Policy defines "Who Is An Insured" as follows:

1. **Who Is An Insured:**

The following are "insureds":

    a. You for any covered "auto".

    b. Anyone else while using *with your permission* a covered "auto" you own, hire or borrow, except:

        1. The owner or anyone else from whom you hire or borrow a covered "auto".

        This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

        2. Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

        3. Someone using a covered "auto" while he or she is working in a business of selling, serving, repairing, parking, or storing "autos" unless that business is yours.

        4. Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a

        lessee or borrower of any of their "employees", while moving property to or from a covered "auto".

        5. A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

    c. Anyone liable for the conduct of an "insured" described above, but only to the extent of liability.

24. The Policy defines the named insured as "EDD, LLC".

25. The Policy provides the following relevant definitions:

    i. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

    ii. "Auto" means:

        1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

        2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

        However, "auto" does not include "mobile equipment".

    iii. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

    iv. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

    v. "Insured" means any person or organization qualifying as an insured in

the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

26. South Carolina law states that an employee must either receive express or implied permission or consent to operate a company vehicle, thereby being an insured under the employer's commercial auto policy. *See Rakestraw v. Allstate Ins. Co.*, 238 S.C. 217, 224, 119 S.E.2d 746, 749 (S.C. 1961) (before someone using an "automobile becomes an additional insured under the omnibus clause, permission must be expressly or impliedly given for that use."). Additionally, "[p]ermission to use a covered vehicle for a particular purpose does not imply permission to use it for all purposes." *Crenshaw v. Harleysville Mut. Cas. Co.*, 246 S.C. 549, 552, 144 S.E.2d 810, 811 (S.C. 1965).

27. "Express consent 'must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference.'" *Catawba Ins. Co. v. Smith*, 336 S.C. 33, 38, 518 S.E.2d 291, 293 (S.C. App. 1999) (citing 8 Lee R. Russ & Thomas F. Segalia, Couch on Insurance § 112:37 (3d ed. 1997)).

28. Implied consent from an employer to an employee "rests upon proof of circumstances from which an inference of actual permission or consent reasonably arises." *Crenshaw*, 246 at 554, 144 S.E.2d at 812-13. "Generally, in the case of employer and employee, there must be some conduct on the part of the employer sufficient to raise in the mind of the employee a reasonable belief that consent was intended. Consent to the use by an employee of his employer's automobile, outside the scope of his employment, will be implied only if there had been a course of conduct or practice with the knowledge and acquiescence of the owner, such as

would indicate to a reasonable mind that the employee had the right to assume permission under the particular circumstances." *State Farm Mut. Auto. Ins. Co. v. Logan*, 444 F. Supp. 2d 622, 627 (D.S.C. 2006) (citing *Crenshaw*, 246 at 554, 144 S.E.2d at 812-13).

29. Motorists seeks a declaration from the Court that Rodriguez is not an insured under the Policy because Rodriguez did not have EDD's express or implied consent to operate the vehicle at issue: to and from multiple bars and/or restaurants, while intoxicated at 4:00 in the morning, outside the scope of his employment, outside the scope of EDD's instructions to Rodriguez, and outside the scope of the express terms included in the Vehicle Rules.

### FOR A SECOND DECLARATION
### (Whether Motorists Has a Duty to Indemnify Rodriguez)

30. Each and every allegation set forth in Paragraphs 1-28 hereinabove is incorporated as if fully set forth herein verbatim.

31. The Underlying Lawsuit seeks to recover actual and punitive damages from Rodriguez and EDD.

32. The Underlying Lawsuit created a possibility of coverage under the Policy for Rodriguez. As such, Motorists provided and continues to provide Rodriguez with defense counsel under EDD's Policy.

33. Motorists seeks a declaration from the Court that Motorists has no duty to indemnify Rodriguez under the Policy for any damages attributable or assigned to Rodriguez arising from the Underlying Lawsuit due to Rodriguez's failure to qualify as an insured under the Policy at the time of the accident.

34. Motorists seeks a declaration from the Court that Rodriquez is solely responsible for all damages attributable or assigned to Rodriquez arising from the Underlying Lawsuit.

35. Motorists seeks a declaration from the Court that it is only obligated to indemnify

its named insured, EDD, for any damages attributable to or assigned to EDD arising from the Underlying Lawsuit.

36. Motorists seeks a declaration from the Court that, to the extent there is an appeal proceeding following the trial of the Underlying Lawsuit, Motorists has no further duty to defend Rodriquez in these proceedings as Rodriquez is not an insured under the Policy.

## FOR A THIRD DECLARATION
### (Whether Progressive's Policy Is Triggered)

37. Each and every allegation set forth in Paragraphs 1-35 hereinabove is incorporated as if fully set forth herein verbatim.

38. Upon information and belief, Progressive provided Mitchells with auto insurance that was effective on the date of the accident.

39. Upon information and belief, Mitchells' policy with Progressive provides the South Carolina required minimum of insurance coverage available to the Mitchells in the event an accident occurs involving an uninsured motorist.

40. Motorists seeks a declaration from the Court that Progressive is required to provide the Mitchells the applicable minimum insurance required for an accident involving an uninsured motorist pursuant to their policy and South Carolina law.

WHEREFORE, having fully set forth its claims, Motorists prays for relief as follows:

a. For a declaration of the rights and obligations of the parties herein;

b. For a declaration that Rodriguez is not an "insured" under the Policy.

c. For a declaration that Motorists does not owe a duty to indemnify Rodriguez in the Underlying Lawsuit;

d. For a declaration that Progressive is required to provide the Mitchells the applicable minimum insurance required for an accident involving an uninsured motorist pursuant to their policy and South Carolina law;

    e.    For the court to determine the dollar amount of damages, if any, due under the relevant Motorists policies after conducting an analysis of the damages to determine which damages, if any, from the Underlying Lawsuit meet the requirements of the insuring agreement, are not excluded or limited by exclusions or endorsements, and that are property damage caused by an occurrence during the policy periods subject to a time-on-risk analysis; and

    f.    For any and all other relief this Court deems just and proper.

**McCULLOUGH ▪ KHAN ▪ APPEL**

s/Clayton B. McCullough
Clayton B. McCullough, Esq. (Fed. Bar #7120)
Forrest Lewis, Esq. (Fed. Bar #13745)
2036 eWall Street
Mount Pleasant, SC 29464
(843) 937-0400
(843) 937-0706 (fax)
clay@mklawsc.com
forrest@mklawsc.com

**Counsel for Plaintiff**

July 17, 2025
Mount Pleasant, South Carolina